UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 15-3250 |
| KACIE BREEN, ET AL. | SECTION "N"  (3) |

## ORDER AND REASONS

Presently before the Court is "Kacie Breen's Motion for Summary Judgment" (Rec. Doc. 11). As stated herein, **IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that, on or before Friday, July 22, 2016, the parties shall provide the Court with the additional information identified herein.

On June 17, 2016, the Court ordered Defendant Alyce B. Landry, the court-appointed Independent Administratrix of the Succession of Wayne Edmund Breen, to supplement her prior submission on or before July 1, 2016. See Rec. Doc. 26. Following that order, supplemental memoranda were filed by Ms. Landry, Intervenor Defendants Patrick Vernon Breen, Ryan Michael Breen, Devin Thomas Breen, Sean Michael Breen, and Bridget Marie Breen, and Defendant Kacie Breen (the "adult Breen children"). See Rec. Docs. 28, 31, and 33. Having now carefully reviewed the parties' lengthy submissions, the record in this matter, and applicable law, particularly including Louisiana Revised Statute 22:901(D),[1] the Court, on the present showing

---

[1] La. R.S. 22:901(D) provides, in pertinent part:

D. (1) No beneficiary, assignee, or other payee under any personal insurance

made, is not in a position to find Plaintiff to have demonstrated, as required by Rule 56, that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56.

Although the St. Tammany Parish Grand Jury's April 7, 2016 refusal to indict Ms. Breen renders §901(D)(1)(a) inapplicable, the same seemingly is not true of §901(D)(1)(b). Rather, given the information presently before the Court, it appears that the ongoing wrongful death actions could nevertheless result in Ms. Breen's being "[j]udicially determined to have participated in the intentional, unjustified killing of the individual insured," i.e. her deceased husband, Wayne Breen,

---

contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:

(a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured; or

(b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

(2) Where such a disqualification exists, the policy proceeds shall be payable to the secondary or contingent beneficiary, unless similarly disqualified, or, if no secondary or contingent beneficiary exists, to the estate of the insured. Nothing contained in this Section shall prohibit payment pursuant to an assignment of the policy proceeds where such payment defrays the cost and expenses of the insured's funeral or expense incurred in connection with medical treatment of the insured. Nothing contained in this Section shall prohibit payment of insurance proceeds pursuant to a facility of payment clause, so long as such payment is not made to a beneficiary, assignee, or other payee disqualified by this Section.(3) An executive pardon of any beneficiary, assignee, or other payee disqualified under this Subsection shall not affect the disqualification.

(3) An executive pardon of any beneficiary, assignee, or other payee disqualified under this Subsection shall not affect the disqualification.

LSA-R.S. 22:901

as a civil matter, thus precluding her from receiving the proceeds of his life insurance policy. See LSA- R.S. 22: 901 (D)(1)(b).  Specifically, in the absence of evidence and legal authority sufficient to preclude a reasonable trier-of-fact from finding Ms. Breen's killing of Wayne Breen to have been, as a matter of law, intentional and unjustified, Plaintiff's present motion fails.  To the extent that further discovery and/or rulings in the state court proceedings later render summary judgment herein practicable, however, the instant ruling is without prejudice to appropriate future motion practice.To facilitate the Court's determination of the most effective means of, and schedule for, final resolution of the instant proceeding, Ms. Breen, the adult Breen children, and  Ms. Landry are, on or before Friday, July 22, 2016, to provide to the Court: (1) a short written report of the status of each of the related state court actions (including discovery); and (2) a statement as to whether the instant action should be stayed and administratively closed pending final judgment(s) being rendered in the related state court proceedings.  On that date, counsel for Ms. Breen shall also provide a copy of an updated record/docket report for each of the related state court actions.

New Orleans, Louisiana, this 13th day of July 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**