UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRUCO LIFE INSURANCE COMPANY                    CIVIL ACTION

VERSUS                                          NO. 15-3250
                                                c/w NO. 15-6946

KACIE BREEN AND THE ESTATE OF                   SECTION "R" (3)
WAYNE EDMOND BREEN

## <u>**ORDER AND REASONS**</u>

Before the Court are intervenor defendant Sean Michael Breen's motion for relief from judgment,[1] his motion to strike portions of defendant Kacie Breen's response in opposition to the motion for relief from judgment,[2] defendant Kacie Breen's motion for Rule 11 sanctions,[3] and Sean Michael Breen's motion for Rule 11 sanctions.[4] For the following reasons, the Court denies all of the motions.

---

[1]      R. Doc. 138.
[2]      R. Doc. 149.
[3]      R. Doc. 151.
[4]      R. Doc. 157.

## I.    BACKGROUND

This case arises out of the death of Dr. Wayne Breen.  On March 1, 2015, Dr. Breen was shot and killed by his wife, defendant Kacie Breen.[5]  Dr. Breen had two life insurance policies, one with Pruco Life Insurance Company (Pruco) and the other with Lincoln National Life Insurance Company (Lincoln).[6]  Both policies name Kacie Breen as the sole beneficiary.[7]  Dr. Breen and Kacie Breen had one child together, Aiden Breen, who is not a party to this suit.[8]  Dr. Breen also had six adult children—five from a previous marriage and one from an extra-marital relationship.[9]

After Dr. Breen's death, Pruco and Lincoln filed these consolidated interpleader actions in federal court.[10]  Kacie Breen, the adult Breen children, and Alyce Landry, the administratrix of Dr. Breen's estate, are named claimants.  Landry and the adult Breen children sought to defeat Kacie Breen's status as beneficiary by invoking the provisions of Louisiana Revised Statutes § 22:901(D), also known as Louisiana's "slayer rule."[11]  This rule bars a beneficiary from receiving life insurance proceeds if she is either "[h]eld by

---

[5]    R. Doc. 109 at 2.
[6]    *Id.*
[7]    *Id.*
[8]    *Id.* at 3.
[9]    *Id.*
[10]    R. Doc. 1; Case No. 15-6946, R. Doc. 1.
[11]    R. Doc. 109 at 20.

a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured," or "[j]udicially determined to have participated in the intentional, unjustified killing of the individual insured." La. R.S. § 22:901(D). Kacie Breen maintained that she killed her husband in self-defense.[12]

Judge Kurt Engelhardt held a two-day bench trial on this matter in March 2017. On June 9, 2017, the court held that the adult Breen children and Landry had not met their burden of proving that the killing was unjustified.[13] Kacie Breen was thus entitled to the proceeds of the policies as a qualified beneficiary.[14] One of the adult Breen children, Sean Breen, appealed the judgment to the Fifth Circuit, which affirmed Judge Engelhardt's decision on August 16, 2018.[15] While the appeal was pending, Sean Breen filed this motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[16]

In addition to his motion for relief from judgment, Sean Breen moves to strike portions of Kacie Breen's response in opposition to the motion as

---

[12]     *Id.* at 17.
[13]     *Id.* at 37-38.
[14]     *Id.*
[15]     R. Doc. 117; *Pruco Life Insurance Co. v. Breen*, No. 17-30591, 2018 WL 3933757 (5th Cir. Aug. 16, 2018).
[16]     R. Doc. 138.

immaterial, impertinent, and scandalous under Federal Rule of Civil Procedure 12(f).[17]  Sean Breen and Kacie Breen also filed motions for sanctions under Federal Rule of Civil Procedure 11.[18]

## II.  LEGAL STANDARD

A district court has broad discretion to grant or deny a motion under Federal Rule of Civil Procedure 60(b).  *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017).  Rule 60(b) permits a court to grant relief from a final judgment or order only upon a showing of one of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

[17]    R. Doc. 149.
[18]    R. Doc. 151; R. Doc. 157.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is considered an extraordinary remedy, but courts may construe the Rule in order to do substantial justice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).  Courts must balance "the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quotation marks omitted).  A district court has the authority to relieve a party from final judgment under Rule 60(b), even if the trial court's earlier judgment was affirmed on appeal.  *Standard Oil Co. of California v. U.S.*, 429 U.S. 17, 19 (1976).

## III.  DISCUSSION

### A.  The Court denies the Rule 60(b) Motion for Relief from Judgment

Sean Breen makes several arguments under Rule 60(b).  He first alleges that the trial judgment is void under Rule 60(b)(4) because Aiden, the child of Dr. Breen and Kacie Breen, was not properly represented, violating his due process rights.[19]  He also requests that the judgment be set aside under Rule 60(b)(3) on the basis of fraud, misrepresentation, and misconduct by both Kacie Breen and by her attorney Richard Ducote.[20]  He

---

[19]     R. Doc. 138-2 at 43-44.
[20]     *Id.* at 49.

next argues that the judgment should be set aside under Rule 60(b)(6) because Mr. Ducote's misconduct constitutes fraud on the court.[21]  Finally, Sean Breen argues that the trial court made a mistake of law under Rule 60(b)(1) in failing to assess whether Kacie Breen's use of deadly force was necessary as required by La. Rev. Stat. § 14:20(A).[22]  The Court addresses each of these arguments in turn.

### 1.    *The Judgment Is Not Void Under Rule 60(b)(4)*

A judgment is void under Rule 60(b)(4) in two circumstances: (1) when the deciding court "lacked jurisdiction of the subject matter, or of the parties" or (2) when the court "acted in a manner inconsistent with due process of law."  *Carter*, 136 F.3d at 1006 (quoting *New York Life Ins. Co. v. Brown*, 84 F. 3d 137, 143 (5th Cir. 1996)).  Sean Breen does not contest the trial court's jurisdiction over the subject matter or the parties to the case.[23]  Due process in civil cases generally requires "proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack."  *New York Life*, 84 F. 3d at 143.  But the opportunity to be heard is also a fundamental requirement of due process.  *See id.*

---

[21]     *Id.* at 55.
[22]     *Id.* at 68.
[23]     *Id.* at 44.

Sean Breen argues that the judgment is void because the trial court acted in a manner inconsistent with the due process rights of Kacie's and Dr. Breen's child, Aiden.[24] He contends that the minor's due process rights were violated because he was not given notice of the interpleader action, had no legal representative protecting his interests, and had no opportunity to be heard in the interpleader action.[25] As a non-party to the case, Aiden Breen would ordinarily have no rights to notice, legal representation, or to be heard, because he is not bound by the judgment. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4449 (3d ed. 2018) ("The basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound."). But Sean Breen contends that the child did have these rights along with the right to be a party to the case, because he was a required party under Federal Rule of Civil Procedure 19.[26]

Generally, parties should be joined under Rule 19 if they are required to fairly and completely resolve the dispute. *See* Fed. R. Civ. P. 19(a). Under Rule 19(a)(1), a party is "required" if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[24]   *Id.*
[25]   *Id.* at 44-46.
[26]   *Id.* at 45.

7

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) leave as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). But when no party asserts the Rule 19 issue at trial, the court's review becomes narrower. *Sch. Bd. of Avoyelles Par. v. U.S. Dep't of Interior*, 647 F.3d 570, 578 (5th Cir. 2011). In such cases, the court looks in particular to whether the omitted third party will be prejudiced by adjudication in his absence. *Id.*

Aiden Breen was not a required party under any of the Rule 19(a) tests. The existing parties to this case were the insurance companies, Kacie Breen, and the adult Breen children. The only issue in dispute was to whom the insurance proceeds must be paid. Kacie Breen was the only named beneficiary,[27] and if she forfeited her interest the proceeds would go to the estate.[28] Therefore, the only parties necessary to grant relief were the estate as an entity and Kacie Breen, the only parties potentially eligible to recover the insurance proceeds. The administratrix Landry was a party on behalf of

---

[27]    R. Doc. 1 at 2 ¶ 8; Case No. 15-6946, R. Doc. 1 at 3 ¶ 10.
[28]    *Id.* at 4 ¶ 17; *Id.* at 6 ¶ 19.

the estate, and Kacie Breen was a party as the sole beneficiary. Complete relief could be accorded without the child. He thus was not a required party under Rule 19(a)(1)(A).

Proceeding without Aiden Breen also did not impair the child's ability to protect his interest in the litigation or leave another party subject to multiple liability under Rule 19(a)(1)(B). His interest as to this action is solely as an heir to the estate. He was not named as a beneficiary in either policy.[29] His interest was protected by Landry who represented the estate as a whole. For the same reason, his absence did not leave another party subject to multiple liability. His interests matched those of the rest of the heirs. He does not have separate claims that could expose the insurers to multiple liability.

The conclusion that Aiden Breen is not a required party is strengthened by Magistrate Judge Daniel E. Knowles' previous denial of Aaron Knapp's motion to intervene.[30] In that order, Magistrate Judge Knowles explained, "as an alleged heir of Wayne Breen, Knapp's interest will not be impaired or impeded because the decedent's children – who battle their mother for the interest herein – will adequately represent his interest. Should it be found

---

[29]    *See* R. Doc. 1-1 at 2; Case No. 15-6946, R. Doc. 1-3 at 2.
[30]    *See* R. Doc. 61.

that the funds devolve to the decedent's children – who, it must be noted, do not oppose this motion – Knapp may assert his interest against them at the appropriate time."[31]   Aiden Breen is identically situated.   Neither Aaron Knapp nor Aiden Breen is prejudiced by a lack of involvement in this suit because their interests have been protected by Landry.   Individual claims to divide assets in the estate will be adjudicated in a separate action.

Sean Breen also argues that Kacie Breen was not Aiden Breen's tutor. This line of argument is irrelevant to this motion, which is a motion for reconsideration of judgment in the federal interpleader action to which the child was not a party.  Kacie Breen did not claim to be the child's tutor in the federal court action and did not seek adjudication of claims on his behalf. Because Kacie Breen did not impair the child's claims or rights in federal court, there is no need to consider whether Kacie Breen was the child's tutor.

Aiden Breen was not a required party under Rule 19(a).  As a non-party, he did not have due process rights in the federal interpleader action. The judgment is not void under Rule 60(b)(4).   These arguments are plainly meritless.

---

[31]     *Id.* at 2.

### 2. There Was No Actionable Fraud, Misconduct, Or Misrepresentation by Opposing Party Or Counsel Under Rule 60(b)(3)

Rule 60(b)(3) allows a court to relieve a party from a final judgment in the case of fraud, misrepresentation, or misconduct by an opposing party. "A party making a Rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) (internal quotation omitted). A party need not establish that the outcome of the case would have been different absent the alleged misconduct, only that the judgment was "unfairly obtained." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citation omitted).

Sean Breen alleges that Kacie Breen committed misconduct by misrepresenting to the court that she was the natural tutor of the child.[32] But Sean Breen does not point to any evidence that Kacie Breen told the federal court that she was the child's tutor. Even if she had falsely held herself out to be the tutor, Sean Breen does not explain how that statement would have prevented him as the moving party from fully and fairly presenting his case.

---

[32] R. Doc. 138-2 at 49-51.

Whether or not Kacie Breen was the child's tutor had no impact on any evidence or argument relevant to Sean Breen at trial.

Next, Sean Breen alleges that Kacie Breen's attorney, Richard Ducote, violated several Rules of Professional Conduct because he did not properly represent Aiden's interests.[33]  But Mr. Ducote did not represent the child in this action because he was not a party to this action.  He therefore did not violate any Rules of Professional Conduct that relate to representation of the child.

Sean Breen also alleges that Mr. Ducote's failure to notify the court that Aiden had no tutor or attorney constitutes fraud and misrepresentation.[34]  This information would be relevant only if the child were a party to the suit, which he was not.  He was also not a required party who should have been joined.  The legal representation of the child was of no importance to the trial

---

[33]     *See id.* at 29-32, 36, 38-41. Sean Breen cites Louisiana Rules of Professional Conduct 1.7(a), 1.3, 1.14, and 8.4.  Rule 1.7(a) states that an attorney may not represent a client if the representation involves a concurrent conflict of interest.  Rule 1.3 states that an attorney must act with reasonable diligence and promptness in representing a client.  Rule 1.14 states that an attorney must, as far as reasonably possible, maintain a normal client-lawyer relationship with a client of diminished capacity because of minority.  Rule 8.4 states that it is misconduct for an attorney to violate or attempt to violate the Rules of Professional conduct, or to knowingly assist or induce another to do so.  It also forbids engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

[34]     *Id.* at 52-54.

court, and no fraud or misrepresentation under Rule 60(b)(3) resulted from the lack of discussion on this point. Sean Breen's arguments are again plainly meritless.

### 3. There Was No Fraud On The Court That Would Provide Another Reason Justifying Relief Under Rule 60(b)(6)

Sean Breen argues that Mr. Ducote's misconduct is so egregious that it amounts to fraud on the court and requests relief under Rule 60(b)(6). Fraud on the court is reserved for the most egregious forms of misconduct, such as "bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (quoting *U.S. v. Int'l Tel. & Tel. Corp.*, 349 F. sup. 22, 29 (D. Conn. 1972)). It requires a scheme "by which the integrity of the judicial process has been fraudulently subverted by a deliberately planned scheme in a manner involving far more than an injury to a single litigant." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 668 (5th Cir. 1981) (internal quotations omitted). Mr. Ducote's conduct did not even constitute misconduct or fraud. It therefore falls far below the much higher bar for fraud on the court. This argument is wholly devoid of merit.

### 4. The Trial Court Did Not Make A Mistake Of Law Under Rule 60(b)(1)

Sean Breen alleges that Judge Engelhardt made a mistake of law sufficient to invoke Rule 60(b)(1) because his opinion did not explicitly address whether Kacie Breen's use of deadly force was necessary to prevent the danger she faced from Dr. Breen, one of the requirements to prove self-defense under Louisiana law.[35] Louisiana law requires a showing that the homicide be committed "by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." La. R. S. § 14:20. Judge Engelhardt held that "[u]nder the circumstances, Kacie's testimony that she feared for her life and felt compelled to use the firearm in self-defense appears reasonable."[36] This sentence incorporates both prongs of the statute. First, Kacie Breen reasonably believed that she was in imminent danger of losing her life because she "feared for her life" and that fear "appears reasonable." Second, the killing was necessary to save her from that danger because she "felt compelled to use the firearm in self-defense" and that feeling "appears reasonable." Sean Breen also made this argument in his appeal to the Fifth Circuit, which summarily rejected it and affirmed

---

[35]    *Id.* at 69.
[36]    R. Doc. 109 at 28.

Judge Engelhardt's trial order.[37]  As the Fifth Circuit has already established, this argument is meritless, and there was no mistake of law.

### B.    Sean Breen's Motion to Strike

Sean Breen has filed a motion to strike language from Kacie Breen's opposition in response to his Rule 60(b) motion for relief from the judgment.[38]  The motion to strike alleges that Kacie Breen's entire motion in opposition should be struck as immaterial, impertinent, and scandalous.[39] In the alternative, he contends that many statements within the response be struck for the same reason.[40]

A party may move to strike material only from a *pleading* under Rule 12(f).  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 & n.8.5 (3d ed. 2012) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."); *see also Centex Homes v. Lexington Ins. Co.*, No. 13-CV-719-BN, 2014 WL 1225501, at *12 (N. D. Tex. Mar. 25, 2014).  Pleadings are defined in Rule 7(a) as a complaint, counterclaim, crossclaim, third party complaint,

---

[37]    R. Doc. 150-2 at 4-5; R. Doc. 150-3 at 6-7; *Pruco*, 2018 WL 3933757, at *1.
[38]    R. Doc. 149.
[39]    R. Doc. 149-1 at 1.
[40]    *Id.* at 3-12.

answer, or reply if the reply was ordered by the court. Fed. R. Civ. P. 7(a). A brief responding to a motion is not a pleading. *See James v. Experian Info. Sols., Inc.*, No. 12-902, 2014 WL 29041, at *6 (E.D. Va. Jan. 2, 2014) (holding that "a party's brief is not a pleading under the Federal Rules of Civil Procedure, and is therefore not subject to a motion to strike under Rule 12(f)"). Rule 12(f) does not apply to Kacie Breen's response motion. Therefore, the motion to strike is denied as plainly deficient.

### C. Sean Breen's Motion for Sanctions

Sean Breen has also filed a motion for Rule 11 sanctions directed toward statements made in Kacie Breen's response to the Rule 60(b) motion, which he filed after properly serving Kacie Breen with the motion and allowing her 21 days to withdraw or appropriately correct the motion.[41]

Rule 11 provides that when an attorney submits a pleading, motion or other paper to the court, he certifies to the best of his knowledge that (1) the filing is not presented for an improper purpose, such as to harass, cause unnecessary delay, or increase costs of litigation; (2) the filing is warranted by existing law or by a nonfrivolous argument for modifying or reversing existing law; and (3) the factual contentions have evidentiary support, or if

---

[41] R. Doc. 157 at 1.

so identified, will likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b).

Sean Breen contends that Kacie Breen's response to his motion was submitted for the improper purpose of harassing Sean Breen's lawyers.[42] A district court cannot read an improper purpose into a document that is well-grounded in fact and law unless the improper purpose is objectively ascertainable. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 805 (5th Cir. 2003). Sean Breen points to no evidence of improper purpose in filing the response other than the text of the response itself. He points only to the statements in the response casting his lawyers in an unfavorable light.[43] These statements alone do not show that the motion was filed for an improper purpose. Thus, sanctions are not warranted. Nevertheless, while it is true that Kacie Breen and Mr. Ducote were responding to a motion that was meritless, the court cautions Mr. Ducote to tone down his rhetoric and spend more time on the legal merits, *vel non*, of his opponent's position rather than advancing ad hominem arguments.

Sean Breen also alleges that several claims, defenses, and legal contentions in the response motion are not warranted by existing law or by

---

[42]    R. Doc. 157-1 at 4.
[43]    *Id.* at 2-4.

a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law.[44]  The particular legal contentions he takes issue with are: (1) whether the case *In re Lawrence* is patently irrelevant, (2) whether the child, Aiden Breen, was legally required to be a party to the suit, (3) whether Kacie Breen was qualified to be the child's tutor, and (4) whether she was in fact the child's tutor.[45]

An attorney must make a reasonable inquiry into the law underlying a paper he or she submits to the Court.  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).  When a reasonable amount of research would have revealed that a party's position is groundless, Rule 11 sanctions are appropriate.  *Jordaan v. Hall*, 275 F. Supp. 2d 778, 787 (N. D. Tex. 2003).  Disagreement about the application of a law does not make an argument frivolous under Rule 11.  *See Macklin v. City of New Orleans*, 300 F.3d 552, 554 (5th Cir. 2002) (holding that arguments on issues of first impression are not sanctionable).  An argument must have been rejected by well-established case law to qualify as frivolous.  *Id.*  None of Kacie Breen's arguments in the response misstates a legal rule.  Nor has Sean Breen pointed to any legal precedent showing that Kacie Breen's position has been rejected by well-

---

[44]     *Id.* at 5-6.
[45]     *Id.* at 5-10.

established law.  A disputed application of the law to fact is appropriate in a response to a motion.  Sean Breen's arguments are devoid of merit.

Sean Breen argues finally that several factual assertions in the response lack evidentiary support. These are statements in the response about the personal motivations of Sean Breen's lawyer Michelle Leigh Rees, and about Mary Grace Knapp, who has become Sean Breen's lawyer since the response was filed.[46]  Sean Breen does not allege in his motion for sanctions that the basic underlying facts in Kacie Breen's response are false.  He instead takes issue with the way that the response casts and describes those facts.[47] Reciting facts in a biased manner is not the same as making factual allegations that lack evidentiary support.  Only the latter warrants sanctions under Rule 11.

Because none of the statements in Kacie Breen's response is sanctionable, the Court denies Sean Breen's motion for Rule 11 sanctions.

---

[46]     *Id.* at 11-13.
[47]     *See id.* at 11 (whether Ms. Rees filed "essentially the same argument" with the Fifth Circuit); *id.* at 12 (the extent to which Ms. Knapp influenced the content of the Rule 60(b) motion); *id.* at 14 (whether the conflicts of interest asserted in the 60(b) motion were "imaginary"); *id.* whether the issue of tutorship is a "delusion").

### D. Kacie Breen's Motion for Sanctions

Kacie Breen has filed a motion for sanctions directed toward Sean Breen's Rule 60(b) motion, after she properly served Sean Breen with the Rule 11 motion and allowed him 21 days to withdraw or correct the Rule 60(b) motion.[48] She alleges that Sean Breen's Rule 60(b) motion violates Rule 11(b) because it was presented for the improper purpose of harassment, unnecessary delay, and needlessly increasing the cost of litigation.[49] She also argues that the legal claims are not warranted by law and that the factual contentions have no evidentiary support, because there is "absolutely no cogent legal discussion" and is an "indecipherable conspiracy theory."[50]

Kacie Breen does not offer convincing evidence that Sean Breen filed the 60(b) motion for improper purposes. She argues that Sean Breen's attorneys, Ms. Knapp and Ms. Rees, filed the motion as an attempt at revenge against Kacie Breen.[51] She points out, without contradiction, that Ms. Knapp has a personal interest in the outcome of this litigation because she is Dr. Breen's former lover and the mother of one of his children, who could potentially inherit if the insurance proceeds went to the estate rather than to

---

[48]    R. Doc. 151 at 1-2.
[49]    *Id.* at 2.
[50]    R. Doc. 151-2 at 3.
[51]    *Id.* at 4-5.

Kacie Breen.[52]  But the only manifestations of Ms. Knapp's bias that Kacie Breen cites are the allegedly frivolous arguments contained in the 60(b) motion.[53]  As an intervenor defendant, Sean Breen was entitled to both file a 60(b) motion and appeal to the Fifth Circuit after he received an adverse judgment from Judge Engelhardt.  The arguments in the motion, while meritless, were not so frivolous as to give rise to an inference of improper motive.

Kacie Breen also alleges that the legal assertions in the Rule 60(b) motion are unwarranted by existing law, and that the factual assertions lack evidentiary support.  But the motion for sanctions does not point to particular legal arguments or factual assertions in support of the general argument.  Rule 11 requires that a party describe the specific conduct alleged to violate subdivision (b).  *See* Fed. R. Civ. P. 11(c)(1)(A).  The Court declines to find Rule 11 violated on this ground.

While the Court denies this motion, it is a close call.  Only because the Court is new to this case, which has a long, bitter history, does it exercise extra caution before pulling the trigger on sanctions.  The Court warns Sean Breen to desist from further filings of the type filed here.

---

[52]      *Id.*
[53]      *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Sean Breen's motion for relief from judgment and motion to strike.  It also DENIES both parties' motions for sanctions.


New Orleans, Louisiana, this __20th__ day of September, 2018.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE