UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 15-3250<br>c/w NO. 15-6946 |
| KACIE BREEN AND THE ESTATE OF<br>WAYNE EDMOND BREEN | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is intervenor defendant Sean Michael Breen's motion for reconsideration under Rule 60(b).[1] The Court denies the motion because (1) litigants may not file successive motions for reconsideration, (2) Rule 60(b) does not apply to nondispositive motions, and (3) Sean Breen has made no showing that reconsideration is necessary.

**I. BACKGROUND**

This case arises out of the death of Dr. Wayne Breen. On March 1, 2015, Dr. Breen was shot and killed by his wife, defendant Kacie Breen.[2] Dr. Breen had two life insurance policies, one with Pruco Life Insurance Company and

---

[1] R. Doc. 168.
[2] R. Doc. 109 at 2.

one with Lincoln National Life Insurance Company.[3] Both policies name Kacie Breen as the sole beneficiary.[4] Dr. Breen and Kacie Breen had one child together, Aiden Breen, who is not a party to this suit.[5] Dr. Breen also had six adult children—five from a previous marriage and one from an extra-marital relationship.[6]

After Dr. Breen's death, Pruco and Lincoln filed consolidated interpleader actions in federal court.[7] Kacie Breen, the adult Breen children, and Alyce Landry, the administratrix of Dr. Breen's estate, are named claimants.[8] Landry and the adult Breen children sought to defeat Kacie Breen's status as beneficiary by invoking the provisions of Louisiana Revised Statutes § 22:901(D), also known as Louisiana's "slayer rule."[9] This rule bars a beneficiary from receiving life insurance proceeds if she is either "[h]eld by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured," or "[j]udicially determined to have participated in the intentional, unjustified

---

[3] *Id.*
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.*
[7] R. Doc. 1; Case No. 15-6946, R. Doc. 1.
[8] R. Doc. 109 at 2.
[9] *Id.* at 2-3.

killing of the individual insured." La. R.S. § 22:901(D). Kacie Breen maintained that she killed her husband in self-defense.[10]

Judge Kurt Engelhardt held a two-day bench trial on this matter in March 2017. On June 9, 2017, the court held that the adult Breen children and Landry had not met their burden of proving that the killing was unjustified.[11] Kacie Breen was thus entitled to the proceeds of the policies as a qualified beneficiary.[12] One of the adult Breen children, Sean Breen, appealed the judgment to the Fifth Circuit, which affirmed Judge Engelhardt's decision on August 16, 2018.[13] Sean Breen also filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), a motion to strike Kacie Breen's response in opposition to his Rule 60(b) motion, and a motion for sanctions under Federal Rule of Civil Procedure 11.[14] This Court denied Sean Breen's motions on September 20, 2018.[15] Sean Breen now seeks reconsideration of these denials.[16] Kacie Breen opposes the motion.[17]

---

[10] *Id.* at 17.
[11] *Id.* at 37-38.
[12] *Id.*
[13] R. Doc. 163; *Pruco Life Insurance Co. v. Breen*, No. 17-30591, 2018 WL 3933757 (5th Cir. Aug. 16, 2018).
[14] R. Doc. 138; R. Doc. 149; R. Doc. 157.
[15] R. Doc. 166.
[16] R. Doc. 168.
[17] R. Doc. 170.

## II. LEGAL STANDARD

A district court has broad discretion to grant or deny a motion under Federal Rule of Civil Procedure 60(b). *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017). Rule 60(b) permits a court to grant relief from a final judgment or order only upon a showing of one of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, but courts may construe the Rule in order to do substantial justice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). Courts must balance "the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quotation marks omitted). A district court has the authority to relieve a party from final judgment under Rule 60(b), even if the trial court's earlier judgment was

4

affirmed on appeal. *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 19 (1976).

## III. DISCUSSION

### A. Sean Breen Cannot Seek Reconsideration of a Rule 60(b) Motion

Sean Breen seeks reconsideration of the Court's denial of his motion for relief from judgment pursuant to Rule 60(b). "The federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009). Successive motions for reconsideration are "condemned by well-established authority in [the Fifth] and other circuits." *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989). Without a limit on the number of reconsideration motions a party can file, a litigant "could continually seek reconsideration and prevent finality to the judgment." *Benson*, 575 F.3d at 547. Sean Breen is thus not entitled to file a successive motion for reconsideration seeking review of the Court's denial of its motion pursuant to Rule 60(b).

Even if such a motion were permitted, Sean Breen offers no new evidence that would change the outcome of the case. Nor has he identified a manifest error of law or fact in the Court's order. He contends that a petition

filed by Kacie Breen in Louisiana state court seeking damages from Landry, the administratrix of Dr. Breen's estate, constitutes new evidence that the trial judgment must be reconsidered.[18] But that petition makes no mention of Aiden Breen or the interests of any of Dr. Breen's children as successors to the estate. Further, unsubstantiated allegations regarding Landry's supposed violations of her duties to the estate in a petition for damages do not constitute reliable evidence likely to change the outcome of Sean Breen's earlier motion.

The rest of Sean Breen's arguments simply rehash issues that the Court already addressed in its denial of the original motion for relief from judgment. This is inappropriate and wastes the Court's time. *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments."). Sean Breen repeatedly refers to various disputes in Louisiana state court that have no bearing on the Court's determination in this case. He points to no new evidence, mistake of law, or mistake of fact that would warrant reconsideration of the Court's order. Accordingly, even if the motion were not an impermissible successive motion for reconsideration, it would have to be denied as meritless.

---

[18]   R. Doc. 168-3 at 2-5; *see also* R. Doc. 168-4.

## B. No Errors of Law or Newly Discovered Facts Warrant Reconsideration of the Court's order on Sean Breen's Motion to Strike and Motion for Sanctions

As an initial matter, Sean Breen cannot file a motion under Rule 60(b) for reconsideration of the Court's order on his motion to strike and motion for sanctions, because Rule 60(b) allows a party to seek relief only from a "final judgment." Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . ."); *see also White v. Klee*, No. 12-13996, 2014 WL 4658257, at *3 n.1 (E.D. Mich. Sept. 17, 2014) (denying a motion under Rule 60(b) seeking reconsideration of nondispositive motions because they were not final judgments). A final judgment is "one [that] ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The Court's rulings on these nondispositive motions are not final judgments.

In addition, Sean Breen's arguments in favor of reconsideration are meritless. Sean Breen seeks reconsideration of the Court's denial of his motion to strike, but he makes no argument as to why the denial was improper.[19] With regard to the motion for sanctions, Sean Breen argues that

---

[19] *See* R. Doc. 168-3.

Kacie Breen's attorney Richard Ducote should have been sanctioned because he made unjustified attacks on Sean Breen's attorney Mary Grace Knapp.[20] Like the rest of Sean Breen's motion, this argument merely restates the positions that the Court already addressed in its denial of the motion for sanctions. Sean Breen presents no new evidence, mistake of fact, or mistake of law that warrant reconsideration of the Court's determinations on either motion. Accordingly, the Court denies Sean Breen's motion for reconsideration as to the motion to strike and motion for sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Sean Breen's motion for reconsideration.

New Orleans, Louisiana, this __11th__ day of March, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[20] *Id.* at 16-17.

8